IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 24–cv–02734–CNS–MDB

CHRISTINE A. ROBINSON,

    Plaintiff,

v.

COLORADO SPRINGS UTILITIES, a Non-Governmental corporation,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on the Order to Show Cause dated October 23, 2024. (Doc. No. 17.) Having reviewed Plaintiff's Response to the Order to Show Cause, (["OSC Response"], Doc. No. 25), the Court respectfully **RECOMMENDS** that this case be **DISMISSED without prejudice**, as the Court lacks subject matter jurisdiction over Plaintiff's claims.

### SUMMARY FOR *PRO SE* PLAINTIFF

To proceed in federal court, the Court must have subject matter jurisdiction over your claims. You have asserted subject matter jurisdiction by citing certain federal laws. However, citing federal laws and referring to them in a conclusory way is not enough to create subject matter jurisdiction. The Court finds the explanation provided in your statement of jurisdiction is

insufficient to establish the Court's subject matter jurisdiction, and is therefore recommending dismissal of your case without prejudice. This is only a summary of the Court's decision. The full decision, including information about your right to object, is set forth below.

## BACKGROUND

Plaintiff initiated this action on October 2, 2024. (Doc. No. 1.) In her operative Complaint, she alleges Defendant engaged in a breach of fiduciary duty and misappropriation of funds. (*See generally* Doc. No. 7.) However, based on the Complaint, the Court is unable to glean how Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States," and thus whether the Court has jurisdiction over Plaintiff's claims. 28 U.S.C. § 1331.

As a result, on October 23, 2024, the Court issued an Order to Show Cause, directing Plaintiff to submit a statement of jurisdiction setting forth how her claims give rise to federal question jurisdiction. (Doc. No. 17.) The Court further ordered that, to the extent Defendant believes the Court has subject matter jurisdiction over the case, it too shall submit a separate statement of jurisdiction. (*Id.*) Plaintiff filed a statement of jurisdiction on November 19, 2024. (Doc. No. 25.) Defendant has not filed a statement or otherwise taken a position, and the time to do so has passed.

## ANALYSIS

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its jurisdiction, even if doing so requires *sua sponte* action. *See City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1237 (D. Colo. 2021) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted)).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). When, as here, a party asserts that the Court has federal question jurisdiction, the case must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Affiniti Colo., LLC v. EAGLE-Net Alliance*, No. 15-cv-01507-MSK, 2015 WL 4450699, at *1 (D. Colo. July 21, 2015) (citation omitted). This type of jurisdiction "demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quotation omitted).

Plaintiff argues the Court has subject matter jurisdiction over this case because it is "correctly classified as a civil action" and "based upon the US constitution." (Doc. No. 17 at 2.) She further contends her claims "involve a public debt obligation of the United States" pursuant to 31 U.S.C. § 5118(a)(2) and 50 U.S.C. § 4305. (Doc. No. 25 at 2-3.) But Plaintiff does not offer any details to support these allegations, nor does she explain how the facts of her particular case give rise to a violation of federal law.[1]

---

[1] Plaintiff does not allege that the Court has diversity jurisdiction in her Complaint or OSC Response. (*See* Docs. No. 7; 25.) In any event, given both parties appear to be Colorado citizens, diversity jurisdiction likely does not exist here.

Moreover, the substance of Plaintiff's allegations seems to reflect a dispute over utility bills, and Plaintiff's primary contention appears to be that Defendant threatened to terminate services after taking payments from her, and that Defendant improperly withheld funds obtained from selling her account. (Doc. No. 7 at 9-11.) At best, this might be an ordinary breach of contract claim, or a bad faith claim, either of which would arise under state law, not federal law.

As the Court discussed in its Order to Show Cause, (Doc. No. 17), Plaintiff's citations to various federal and constitutional laws do not, in and of themselves, confer federal question jurisdiction. *See Haywood v. Kansas*, No. 21-2329-JWB, 2022 WL 4743215, at *3 (D. Kan. Oct. 3, 2022) ("[B]road assertions and conclusory references to federal laws are not sufficient to create subject-matter jurisdiction over this lawsuit."); *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 4134720, at *5 (D. Kan. June 21, 2022), *report and recommendation adopted*, No. 22-4027-JWB, 2022 WL 4131114 (D. Kan. Sept. 12, 2022) ("It is not enough to simply refer to a federal statute to establish subject-matter jurisdiction."). And while Plaintiff responded to the Court's Order to Show Cause, her responsive statement does not clarify how the federal laws she cites apply to this case, nor does she offer any information that would make her allegations less conclusory. *See Affiniti*, 2015 WL 4450699, at *1. Because Plaintiff has failed to specifically allege "the facts essential to show jurisdiction" in both her Complaint and statement of jurisdiction, the Court finds it does not have jurisdiction over Plaintiff's case. *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995).

4

## CONCLUSION

Accordingly, the Court respectfully **RECOMMENDS** that the Order to Show Cause (Doc. No. 17) be **AFFIRMED** and the case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of December, 2024.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge