IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-02734-CNS-MDB

CHRISTINE ROBINSON,

    Plaintiff,

v.

COLORADO SPRINGS UTILITIES,

    Defendant.

---

### ORDER

---

Plaintiff Christine Robinson objects to United States Magistrate Judge Maritza Dominguez Braswell's Recommendation to dismiss her case without prejudice. ECF No. 32 (Recommendation); ECF No. 46 (Objection).[1] The Court has reviewed Ms. Robinson's objections and finds that they lack merit. Accordingly, the Court overrules her objections and affirms Magistrate Judge Dominguez Braswell's Recommendation as an order of this Court. Plaintiff's case is dismissed without prejudice.

### I. SUMMARY FOR *PRO SE* PLAINTIFF

Magistrate Judge Dominguez Braswell recommends that this Court dismiss your claims for lack of subject-matter jurisdiction. You filed an objection to that Recommendation, lodging five enumerated objections. The Court has carefully

---

[1] Defendant filed a response to Plaintiff's objection. *See* ECF No. 49.

1

considered each objection and finds that they are unfounded. Objections to Magistrate Judge Recommendations must be specific to the Magistrate Judge's findings and determinations in the Recommendation. Your five objections do not identify any specific errors that Magistrate Judge Dominguez Braswell purportedly made in her Recommendation. Put differently, you do not point to any errors in her ultimate determination that the Court lacks subject-matter jurisdiction. Further, your objection does not even argue that this Court has subject-matter jurisdiction over your claims other than a brief reference to your statement of jurisdiction, where you argue without support that "district courts 'have original jurisdiction of all civil actions.'" ECF No. 36 at 3 (quoting ECF No. 25)).

After considering the arguments raised in your objection and performing a de novo review of the issues you address in your objection, the Court is overruling your objections and affirming Magistrate Judge Dominguez Braswell's Recommendation. The Court will explain why it is doing so further below, including a discussion of the legal authority that supports this conclusion. This order means that your claims are dismissed without prejudice, which means that you may refile your claims in an appropriate tribunal, if you can satisfy the relevant procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

## II. BACKGROUND

Ms. Robinson proceeds pro se in this lawsuit.[2] On October 2, 2024, Ms. Robinson filed a "Bill in Equity" against Colorado Springs Utilities. ECF No. 1. Six days later, she filed an "Amended Bill in Equity for an Accounting." ECF No. 7. In her amended pleading, she brings a claim for breach of fiduciary duty, unjust enrichment, and "conspiracy against rights." *Id.* at 1. Her complaint appears to stem from Colorado Springs Utilities' accounting of her utilities account, and Colorado Springs Utilities' threat to turn off her utilities for outstanding invoices.

Plaintiff has been a resident of Colorado since April 2018. *Id.* at 4. She also alleges that Defendant is a resident of Colorado. *Id.* at 2–4. She thus purports to proceed under federal question jurisdiction. *Id.* at 1–2; *see also* ECF No. 25.

Upon review of her complaint, Magistrate Judge Dominguez Braswell was unable to glean how Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States," and thus whether the Court has jurisdiction over Plaintiff's claims. ECF No. 32 at 2. She therefore ordered Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction. *See* ECF No. 17 (ordering Plaintiff to submit a statement of jurisdiction, setting forth how her claims give rise to federal question jurisdiction.).

---

[2] Because Plaintiff appears pro se, the Court liberally construes her filings and holds her to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). However, the Court will not act as Plaintiff's advocate, and she is governed by the same procedural rules and requirements of substantive law that govern other litigants. *See Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235–36 (D. Colo. 2012).

Plaintiff filed a statement of jurisdiction on November 19, 2024. ECF No. 25. Relying on 28 U.S.C. § 1331, she argues that this "Court has original jurisdiction of all civil actions" and that "Plaintiff's claims are based upon the US Constitution." *Id.* at 1–2.

### III.   RECOMMENDATION

Magistrate Judge Dominguez Braswell recommends that this Court dismiss without prejudice Plaintiff's claims. ECF No. 32. She first determined that Plaintiff failed to offer any details to support her allegations that this case is "based upon the US constitution" and that her claims "involve a public debt obligation of the United States" pursuant to 31 U.S.C. § 5118(a)(2) and 50 U.S.C. § 4305. *Id.* at 3. She further determined that Plaintiff did not explain how the facts of her particular case give rise to a violation of federal law. *Id.* Rather, Magistrate Judge Dominguez Braswell determined that Plaintiff's allegations seem to reflect a dispute over utility bills, which at best might be an ordinary breach of contract or bad faith claim arising under state law. *Id.* at 4. As such, these claims are proper for state court.

Because Plaintiff failed to specifically allege "the facts essential to show jurisdiction" in both her complaint and statement of jurisdiction, Magistrate Judge Dominguez Braswell determined that this Court does not have jurisdiction over Plaintiff's case. *Id.* at 5. Accordingly, she recommends dismissing Plaintiff's claims without prejudice. *Id.*

### IV.   LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's

4

[recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## V.   ANALYSIS

Plaintiff raises five enumerated objections to Magistrate Judge Dominguez Braswell's Recommendation. The Court will address each objection in turn.

### A. Objection 1: "Magistrate Judge Braswell violated FRCP 12 by her failure to require Defendant to answer plaintiff's complaint"[3]

Plaintiff's first objection is that Magistrate Judge Dominguez Braswell erred in staying Defendant's obligation to answer Plaintiff's complaint while she considered whether the Court has subject-matter jurisdiction over Plaintiff's claims. ECF No. 46 at 4–5. Plaintiff contends that Magistrate Judge Dominguez Braswell's stay order was "untimely and violated plaintiff's procedural and substantive right to receive an answer from the Defendant." *Id.* at 5. The Court does not agree.

---

[3] The Court copies verbatim Plaintiff's five objections from her Objection to Magistrate Judge Dominguez Braswell's Recommendation.

District courts have wide discretion to manage their dockets. *Strege v. Comm'r, SSA*, No. 21-1311, 2022 WL 500543, at *1 (10th Cir. Feb. 18, 2022) ("[D]istrict courts generally have broad discretion to manage their dockets." (citation omitted)). This discretion includes entering stay orders. *Dish Techs. L.L.C v. Aylo Freesites Ltd*, No. 2:24-CV-00066-DAK-JCB, 2024 WL 3967098, at *1 (D. Utah Aug. 28, 2024) ("[D]istrict courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings." (citation omitted)); *Lundy v. C.B. Fleet Co.*, No. 09-CV-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) ("This Court has broad discretion and authority to stay proceedings as incidental to its power to control its own docket."). And as explained below in Section B, courts have an independent obligation at all stages of litigation to confirm that subject-matter jurisdiction exists. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Therefore, the Court finds no fault in Magistrate Judge Dominguez Braswell's decision to stay Defendant's deadline to respond to Plaintiff's complaint.[4]

**B. Objection 2: "Magistrate Judge Braswell practiced law from the bench while presenting the defense of lack of subject-matter jurisdiction before the Defendant was afforded the opportunity of giving an answer"**

Plaintiff argues that Magistrate Judge Dominguez Braswell "acted in haste to give Defendant an advance hint to challenge subject matter jurisdiction," further arguing that her order to show cause "undermined the judicial process." ECF No. 46 at 5. She also argues that Magistrate Judge Dominguez Braswell "violated Defendant's right to defend"

---

[4] Even if Magistrate Judge Dominguez Braswell's decision was in error (it was not), that error would be harmless. The Court would still lack subject-matter jurisdiction of Plaintiff's claims.

6

itself against Plaintiff's complaint. *Id.* at 5 n.7. The Court again finds this objection baseless.

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software*, 459 F.3d at 1048 (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006)). Indeed, the Federal Rules of Civil Procedure requires a court to dismiss an action any time jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff's arguments that Magistrate Judge Dominguez Braswell acted as defense counsel, caused unnecessary delay in the proceedings, or somehow undermined the judicial process lack any basis in fact or law.

Plaintiff's second objection is overruled.

### C. Objection 3: "Magistrate Judge Braswell violated FRCP 7.1 requiring Defendant to file a Disclosure Statement"

Plaintiff objects that Defendant has yet to file a Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1(b). ECF No. 46. Whether Defendant should have filed a Disclosure Statement at this juncture is not relevant to whether this Court has federal question jurisdiction. It may be relevant had Plaintiff brought her case under diversity jurisdiction, but she did not. *See* ECF No. 25 at 2 (continuing to argue in her statement of jurisdiction that her "claims are based upon the US Constitution"). Because this objection does not address any finding in Magistrate Judge Dominguez Braswell's Recommendation, the Court overrules the objection.

7

### D. Objection 4: "Magistrate Judge Braswell's Recommendation violates plaintiff's substantive right and procedural right to amend her complaint"

Plaintiff appears to argue that Magistrate Judge Dominguez Braswell violated her substantive and procedural due process rights by failing to permit her amend her complaint. ECF No. 46 at 7. Magistrate Judge Dominguez Braswell, however, did not rule on or make a recommendation with regard to Plaintiff's motion for leave to amend. In fact, Magistrate Judge Dominguez Braswell entered her Recommendation prior to Plaintiff seeking leave to amend. *See* ECF No. 41 (filed four days after the Recommendation entered).[5] Thus, the objection is not specific to the Recommendation at all. Even if her Recommendation did address Plaintiff's motion for leave to amend, it would not alter the Court's finding that federal question jurisdiction is lacking. Magistrate Judge Dominguez Braswell provided Plaintiff sufficient opportunity to establish jurisdiction. Plaintiff failed to do so. *See* ECF No. 25. The Court overrules Plaintiff's fourth objection.

---

[5] The Court has reviewed Plaintiff's Motion for Leave to Amend Bill (Complaint). ECF No. 41. She states that she "intends to satisfy the jurisdictional requirements through an amended complaint," but she does not say how. *Id.* at 2. She attaches a lone exhibit to her motion, stating that she is "awaiting much needed information to amend to her complaint." *Id.* That exhibit is a Freedom of Information Act request to the Administrative Office of the United States Courts. *See* ECF No. 41-1. The information Plaintiff requests relates to the number of lawsuits filed by *pro se* plaintiffs in this district and the outcomes of those suits. *Id.* For example, she asks for the "[t]otal number of pro se plaintiffs with a breakdown by race/ethnicity," "[h]ow many pro se plaintiffs had all their motions either denied or ignored by the court?," and "[h]ow many pro se plaintiffs bring suits against corporations and win?" Plaintiff provides no explanation as to how statistics from other cases would show that her instant claims are rooted in federal, rather than state, law. Because the Court fails to see how an amended complaint would convey subject-matter jurisdiction on this Court, any amendment would be futile. The Court further notes that Plaintiff failed to follow Local Rule 15.1, which requires Plaintiff to attach a copy of her proposed amended pleading and a redlined copy to her motion for leave. D.C.COLO.LCivR 15.1. Plaintiff failed to attach either.

### E. Objection 5: "Magistrate Judge Braswell's actions give the appearance of impropriety and cause plaintiff to lose confidence in the impartiality of the judiciary"

Plaintiff's final objection is that Magistrate Judge Dominguez Braswell Recommendation somehow violated her Fifth and Sixth Amendment rights by giving the appearance of impropriety. ECF No. 46 at 8. This objection is baseless. Plaintiff provides no support for her conclusory statements that Magistrate Judge Dominguez Braswell's "Recommendation is unconstitutional and unconscionable." *Id.* Nor is this objection specific to any part of Magistrate Judge Dominguez Braswell's Recommendation. Rather, it appears to be a broad attack on the Recommendation and her general disagreement with the recommended outcome. Such objections will not be sustained.

### VI. CONCLUSION

Consistent with the above analysis, the Court overrules Plaintiff's objection, ECF No. 46, and affirms Magistrate Judge Dominguez Braswell's Recommendation, ECF No. 32, as an order of this Court. Plaintiff's claims are dismissed without prejudice. The Clerk of Court is directed to close this case and moot all pending motions.[6]

DATED this 7th day of January 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[6] Plaintiff emailed an ADA Accommodations Request to Chambers on January 7, 2025. The Court has reviewed that letter and determined that it does not alter the Court's conclusion that jurisdiction is lacking.